IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

USAA CASUALTY INSURANCE COMPANY
and GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Plaintiffs,

vs.                                                           No. CIV 12-1062 RB/LFG

THOMAS I. HANCOCK and the
ESTATE OF JOSEPH THREADGILL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant the Estate of Joseph Threadgill's Amended Motion to Dismiss or Alternatively to Stay (Doc. 8). Jurisdiction arises under 28 U.S.C. § 1332. Having considered the submissions of counsel, the record, and relevant law, the Court denies this motion.

**I.    Background**

On August 27, 2011, Joseph Threadgill was employed as a bouncer at TD's Showclub in Albuquerque, New Mexico. Thomas Hancock was a patron. After Hancock got into a fight with other customers, bouncers broke up the fight and kicked Hancock out. A group of men followed Hancock outside and continued the altercation, hitting Hancock on the head. Bouncers again intervened and the group of men left. Several minutes later, Threadgill walked Hancock to his vehicle in the parking lot. Hancock retrieved guns from his vehicle and fired several shots. Witnesses saw Hancock shoot Threadgill while Threadgill was on the ground. Threadgill died from multiple gunshot wounds. Police located Hancock at the home of his mother, Pamela

Bosma, and arrested him. A New Mexico grand jury indicted Hancock for first degree murder, shooting at or from a motor vehicle, and tampering with evidence. Hancock remains detained and awaits trial. *See State of New Mexico v. Thomas I. Hancock*, D-202-CR-201104244, Second Judicial District, County of Bernalillo, State of New Mexico.

USAA Casualty Insurance Company ("USAA") issued a homeowners' insurance policy to Pamela and Andrew Bosma with limits of $500,000.00 covering the period from June 11, 2011 to June 11, 2012. As Hancock lived with Mrs. Bosma at the time of the incident, he qualifies as an insured under the homeowners' insurance policy. Garrison Property and Casualty Insurance Company ("Garrison"), a wholly owned subsidiary of USAA, issued an automobile insurance policy to Hancock with liability limits of $25,000 per person and $50,000 per accident covering July 18, 2011 to January 18, 2012. On September 21, 2012, an attorney representing the Estate of Joseph Threadgill ("Estate") demanded payment from USAA and Garrison of the policy limits of both policies for damages arising from the wrongful death of Joseph Threadgill.

On October 15, 2012, USAA and Garrison filed the instant suit in this Court under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the New Mexico Declaratory Judgment Act, N.M. STAT. ANN. §§ 44-6-1, *et seq.*, seeking a declaration that the insurance policies do not cover wrongful death damages arising out of the death of Threadgill ("federal declaratory judgment action"). *See USAA Cas. Ins. Co. & Garrison Prop. & Cas. Ins. Co. v. Thomas Hancock & the Estate of Joseph Threadgill*, CIV 12-1062 RB/LFG. More specifically, USAA contends that the shooting is not covered under the homeowners' policy as "an occurrence" and even if it were, that two coverage exclusions apply to the claim: the "expected and intended acts" exclusion and the "criminal acts" exclusion. Garrison contends that the

shooting is not covered under Hancock's auto policy because it was not caused by an auto accident and even if it were, that two coverage exclusions apply to the claim: the "intended acts" exclusion and the "punitive damages" exclusion. USAA and Garrison also contend the coverages afforded under the homeowners' policy and the auto policy are mutually exclusive.

On November 13, 2012, Joseph Threadgill's family filed suit against Hancock and TD's Showclub seeking damages for his wrongful death and other civil claims ("wrongful death action"). *Priscilla Threadgill, Individually & as Pers. Representative of the Wrongful Death Estate of Joseph Threadgill, et al. v. Thomas Hancock, et al.*, D-1329-CV-2012-02435, Thirteenth Judicial District, County of Sandoval, State of New Mexico.

On November 26, 2012, the Threadgill family filed suit against USAA and Garrison in New Mexico state court seeking a declaratory judgment that the insurance policies issued by USAA and Garrison cover the damages claimed in the wrongful death action ("state declaratory judgment action"). *Priscilla Threadgill, et al. v. USAA Cas. Ins. Co., et al.*, D-1329-CV-2012-02542, Thirteenth Judicial District, County of Sandoval, State of New Mexico. On December 4, 2012, USAA and Garrison removed the state declaratory judgment action to this Court. (Doc. 1). *See Threadgill, et al. v. USAA, et al.*, CIV 12-1257 RB/LAM.

In its Amended Motion to Dismiss or Alternatively to Stay, the Estate requests that the Court abstain from hearing this action under 28 U.S.C. §§ 2201-2202 or, in the alternative, stay this proceeding until the wrongful death action and the state declaratory judgment actions are resolved. USAA and Garrison oppose the Motion.

**II. Discussion**

The Declaratory Judgment Act, 28 U.S.C. § 2201, confers on federal courts the power to

hear declaratory judgment claims.  *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 980 (10th Cir. 2012).  However, the Declaratory Judgment Act does not require federal courts to hear declaratory judgment claims.  *Id*.  The Supreme Court has explained, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 492, 495 (1942).   In considering whether to exercise jurisdiction, the federal court must consider whether "the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court."  *See id.* at 494; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (framing the question as "whether the claims of all parties in interest can satisfactorily be adjudicated in [the state-court] proceeding").

   The Tenth Circuit has identified the following factors to guide the analysis: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.  *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).  These factors are known as the "*Mhoon* factors," and no one factor is determinative.  *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002).

   The first two *Mhoon* factors weigh in favor of USAA and Garrison. This declaratory

4

judgment action will settle the controversy of whether there is coverage for the Estate's claim against Hancock under the homeowners' and automobile policies. The wrongful death action does not raise the issue of whether the insurance policies afford coverage for the shooting. Resolution of the coverage dispute could facilitate settlement of the wrongful death case.

The third *Mhoon* factor asks whether the declaratory judgment action constitutes "procedural fencing" or "a race to res judicata." In assessing this factor, courts often look at the timing of the federal declaratory judgment action in relation to the pending state court proceeding and consider whether the insurance company was dilatory in raising the coverage issue. For instance, in *Runyon*, the insurance carrier waited three years, filing suit seeking declaratory relief on the day before the defendant planned to file an action in state court. *Runyon*, 53 F.3d at 1170. The Tenth Circuit upheld the district court's finding of procedural fencing because the insurance carrier in *Runyon* could not rebut the defendant's allegations of impropriety. *Id*. In contrast, USAA and Garrison filed this action within a month of receiving the demand letter from the Estate. By promptly seeking a judicial determination of the coverage questions, USAA and Garrison acted reasonably. The third *Mhoon* factor weighs in favor of USAA and Garrison.

The fourth *Mhoon* factor considers whether a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction. In weighing this factor, courts have looked to the nature of the claim and have emphasized the importance of avoiding fact-dependent issues likely to be decided in another pending proceeding. *See Mid-Continent Cas. Co.*, 685 F.3d at 986. Similarly, the fifth *Mhoon* factor asks whether there is an alternative remedy which is better or more effective. *See Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989). As the wrongful death action does not raise the issue of coverage,

5

and USAA and Garrison are not parties to the wrongful death action, these factors weigh in favor of the exercise of jurisdiction.

**THEREFORE,**

**IT IS ORDERED** that Defendant Estate's Amended Motion to Dismiss or Alternatively to Stay (Doc. 8) is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**